UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS MARTINEZ-SERRANO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 11-1077 (JAF)<br><br>(Crim. No. 07-453) |

**OPINION AND ORDER**

Petitioner, Luis Martínez-Serrano, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1.) The Government opposes. (Docket No. 4.) Petitioner does not respond.

**I.**

**Factual and Procedural Summary**

On September 10, 2008, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute narcotics in a protected location, in violation of 21 U.S.C. §§ 841(a), 846 and 860; and one count of carrying and possessing a firearm during and in relation to a drug trafficking offense, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. (Crim. No. 07-0453, Docket No. 1131.) For his role in those

Civil No. 11-1077 (JAF)                                                                                                    -2-

crimes, this court sentenced Petitioner to a prison term of 184 months, on December 29, 2008. (Crim. No. 07-0453, Docket No. 1644.)

On December 31, 2010, Petitioner filed this § 2255 motion, alleging ineffective assistance of counsel because his counsel failed to appeal the sentence. (Docket Nos. 1 at 6; 1-1.) The government opposes, arguing that Petitioner's motion is untimely and that his claim fails on the merits. (Docket No. 4.) Because we agree that the petition is untimely, we dismiss the motion, finding it unnecessary to reach the merits.[1]

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

---

[1] Today we entered a similar order, dismissing as untimely a § 2255 petition filed by one of Petitioner's codefendants from his underlying criminal case. (See Civ. No. 12-1108.)

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 ("AEDPA"), has a one-year limitations period. § 2255(f). The period begins to run from when "the date on which the conviction becomes final." § 2255(f)(1). Neither the Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes "final" for the purposes of § 2255(f)(1). All of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires. See United States v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires.") (internal citations omitted); Murphy v. United States, 634 F.3d 1303, 1308 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (holding that "where defendant failed to file direct appeal, his conviction became final ten days after the entry of judgment.") (internal citations omitted); United States v. Prows, 448 F.3d 1233, 1227 (10th Cir. 2008) (same) (internal

citations omitted); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (holding that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that "an unappealed federal criminal judgment becomes final ten days after it is entered"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

This rule makes eminent logical sense. When a federal criminal defendant has exhausted his appeals, the conviction becomes final when the time for filing a petition for certiorari with the Supreme Court expires. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). By analogy, it only makes sense that a federal criminal judgment becomes final when the time for filing an appeal expires.

We agree with the three circuit courts that have ruled on the question, and hold that for purposes of § 2255 motions, a conviction becomes "final" when the time for filing an appeal expires. Under the version of the rule that was applicable at the time Petitioner's

Civil No. 11-1077 (JAF) -5-

conviction was entered, Petitioner had ten days after the amended judgment was entered to file an appeal. See Fed. R. App. P. 4(b)(1)(a)(i) (amended December 2009).[2]

In this case, judgment was entered on January 12, 2009. (Cr. No. 07-0453, Docket No. 1644.) Petitioner did not appeal, meaning that the conviction became "final" for the purposes of 2255(f) ten days later, on January 22, 2009. See Fed. R. App. P. 4(b)(1)(a)(i) (2008) (allotting ten days to file an appeal after entry of judgment). The one-year limitations period in § 2255(f) then expired one year later, in January 2010.

Petitioner waited until December 31, 2010, to file this § 2255 motion. (Docket No. 1 at 6.) As the government points out, (Docket No. 4 at 4), this was more than eleven months after the one-year limitations period in § 2255(f) expired. Thus, Petitioner's claim is untimely and subject to dismissal. Though the one-year limitations period may be subject to equitable tolling under certain circumstances, see Ramos-Martinez v. United States, 638 F.3d 315, 319 (1st Cir. 2011), Petitioner has not suggested any grounds for equitable tolling, and there are none that we can see here. Therefore, summary dismissal is in order. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002) (holding that a prisoner's habeas petition filed one day late was time-barred by § 2255(f)).

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a

---

[2] Fed. R. App. P. 4(b)(1)(A)(I) was amended in December 2009, changing the time to file an appeal from ten days to fourteen days. We note that under either version of the rule, Petitioner's motion would be untimely.

certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## **Conclusion**

For the foregoing reasons, we hereby **DISMISS** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of November, 2012.

                                                                 s/José Antonio Fusté
                                                                 JOSE ANTONIO FUSTE
                                                                 United States District Judge